## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC L. ELLINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:25-CV-00502-DWD |
| | ) |
| SCHNUCK MARKETS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

In this matter, Plaintiff Eric Ellington asserts a single negligence claim against Defendant Schnuck Markets, Inc. ("Schnuck's") alleging that he was injured when Defendant's employees rolled a cart carrying a heavy object over his foot in one of Defendant's stores. (Doc. 1-1). Plaintiff filed his Complaint against Schnuck's in the Twentieth Judicial Circuit Court, St. Clair County, Illinois, on November 1, 2024, and Defendant was served with that Complaint on December 9, 2024. (Doc. 1-1). Schnuck's removed the case to this Court invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a) on April 2, 2025. (Doc. 1).

Now before the Court is Plaintiff's Motion to Remand to State Court. (Doc. 9). Plaintiff argues only that Defendant's removal to federal court was untimely under 28 U.S.C. § 1446(b) because it more than 30 days after Defendant's receipt of the Complaint. (Doc. 9, p. 1). Schnuck's argues that its removal was timely because the case stated by

Plaintiff's Complaint was not removeable, and that it only ascertained that the case was removable once it received Plaintiff's responses to written discovery. (Docs. 1, 11).

## Discussion

The general requirements of removal under 28 U.S.C. § 1446 provide that a defendant desiring to remove an action from a State court shall do so within 30 days after receiving the complaint. 28 U.S.C. § 1446(b). However, "if the case stated by the initial pleading is not removable," a defendant can timely remove a case within 30 days after receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Defendant has invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332(a), which requires that "the matter in controversy exceeds the sum or value of $75,000" and is between citizens of different States. Plaintiff does not dispute that the requirements for the Court to exercise its diversity jurisdiction have been met.

The Court finds that the case stated by Plaintiff's Complaint was not removable. The Complaint did not provide Plaintiff's state of citizenship and only made vague and unclear allegations in reference to Plaintiff's harm. Plaintiff stated only that he "sustained severe and permanent physical injuries," and that he sought judgment against Schnuck's "in an amount in excess of $50,000." (Doc. 1-1, p. 5). *See Barnard v. Walmart, Inc.*, No. 3:21-cv-1208-NJR, 2022 WL 1538548, *4 (S.D. Ill. May 16, 2022) (finding that plaintiff's responses to discovery demonstrated that the case was removable more than 30 days after defendant received plaintiff's ambiguous complaint under 28 U.S.C. § 1446(b)(3)).

2

Schnuck's, a Missouri corporation whose principal place of business is in Missouri (Doc. 1, p. 2), was made aware of the diversity of citizenship between the parties when Plaintiff disclosed that he lived in Illinois in responses to interrogatories from the Defendant. (Doc. 1-2). Even if Plaintiff's citizenship had been provided in the Complaint, 28 U.S.C. § 1446(c)(3) provides that where a case is not initially removable solely because it does not exceed the minimum amount in controversy requirement of section 1332(a), responses to discovery shall be treated as an "other paper" under subsection (b)(3).

Here, in Plaintiff's Answers to Defendant's Requests to Admit, Plaintiff denies (1) that the amount in controversy in this matter does not exceed $75,000 exclusive of interest and costs, (2) that Plaintiff will not seek more than $75,000 in damages in this case, and (3) that Plaintiff will not enforce any judgment in excess of $75,000. (Doc. 1-3, p. 1). The Certificate of Service demonstrates that Defendant was provided this information on March 4, 2025. (Doc. 1-3, p. 3). Accordingly, Schnuck's removal of this action on April 2, 2025, was timely under 28 U.S.C. § 1446(b)(3).

<u>Conclusion</u>

For these reasons, the Court finds that Defendant Schnuck Markets, Inc.'s removal was timely. Thus, Plaintiff Eric Ellington's Motion to Remand (Doc. 9) is **DENIED**.

**SO ORDERED.**

Dated: June 18, 2025

_____
DAVID W. DUGAN
United States District Judge